# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DELBERT HUGHES,

    Plaintiff,                                          CASE NO. 10-CV-12405

v.                                                   HONORABLE GERALD E. ROSEN

BENNY NAPOLEON, et al.,

    Defendant(s).

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.**

This is a prisoner civil rights case under 42 U.S.C. § 1983. On June 18, 2010, Plaintiff Delbert Hughes filed this *pro se* civil rights complaint while incarcerated at the Wayne County Jail in Detroit, Michigan. Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action. In his *pro se* pleadings, Plaintiff challenges events leading up to his placement in maximum security. He is asking to be placed back into the general population, and he is seeking monetary damages. Having reviewed the complaint, the Court dismisses it for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The Court also concludes that an appeal cannot be taken in good faith.

**II.**

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to

dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to summary dismissal.

Plaintiff alleges that Defendants placed him in maximum security based on a report alleging that he made threats against a prosecutor. Plaintiff fails to state a claim of constitutional magnitude.

The Supreme Court has held that a prisoner does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In *Rimmer-Bey v. Brown*, 62 F.3d 789, 790-91(6th Cir. 1995), the Sixth Circuit applied the *Sandin* test to the claim of a Michigan inmate that the mandatory language of the Michigan Department of Corrections' regulations created a liberty interest that he receive notice and hearing before being placed in administrative segregation. The Sixth Circuit held that regardless of the mandatory language of the prison regulations, the

inmate did not have a liberty interest because his placement in administrative segregation did not constitute an atypical and significant hardship within the context of his prison life. *Id*; *see also Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir. 1997). Under these authorities, to the extent that Plaintiff alleges that he was placed in a maximum security classification without due process, he fails to identify a cognizable liberty interest. Without a protected liberty interest, Plaintiff cannot successfully claim that his due process rights were violated because, "[p]rocess is not an end in itself." *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983).

Moreover, the Supreme Court repeatedly has held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim*, 461 U.S. at 245; *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); *Meachum v. Fano*, 427 U.S. 215, 228-29 (1976). The Sixth Circuit has followed the Supreme Court's rulings in a variety of security classification challenges. *See*, e.g., *Cash v. Reno*, No. 97-5220, 1997 WL 809982, at *1-2 (6th Cir. Dec. 23, 1997) (prisoner's allegation that he was placed in a security level higher than warranted based on the information contained in his prison file failed to state a due process claim because he had no constitutional right to be held in a particular prison or security classification); *O'Quinn v. Brown*, No. 92-2183, 1993 WL 80292, at * 1 (6th Cir. Mar. 22, 1993) (prisoner failed to state a due process or equal protection claim regarding his label as a "homosexual predator" because he did not have a constitutional right to a particular security level or place of confinement). Because Plaintiff does not have a constitutional right to a particular security level or classification, his complaint fails to state a claim.

**III.**

For the reasons stated, **IT IS ORDERED** that Plaintiff's civil rights complaint is **DISMISSED** for failing to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B). Additionally, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: July 20, 2010

I hereby certify that a copy of the foregoing document was served upon Delbert Hughes, #2009024999, Wayne County Jail - Division 2, 525 Clinton Street, Detroit, Michigan 48226, on July 20, 2010, by ordinary mail.

s/Ruth A. Gunther
Case Manager